643 So.2d 478 (1994)
Carl C. MULLER, Jr., Plaintiff-Appellant,
v.
Elizabeth MULLER, Defendant-Appellee.
No. 94-281.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*480 Carl C. Muller Jr., pro se.
John Green, Lake Charles, for Elizabeth Muller.
Before LABORDE, KNOLL and THIBODEAUX, JJ.
THIBODEAUX, Judge.
This appeal involves whether the trial court improperly rejected the request of Carl Muller, Jr., plaintiff-appellant, to share equal physical custody of his daughter, Sara, with his ex-wife, Elizabeth Muller. Ancillary issues are whether the judgment of the trial court improperly deviated from the court's oral reasons and whether the judgment was properly signed without the prior approval of Mr. Muller.
The standard of review on appeal is a clear showing of abuse of the trial court's discretion. Williams v. Bernstine 626 So.2d 497 (La.App. 3d Cir.1993). Because we find no abuse of discretion by the trial court and for the following additional reasons, we affirm.

FACTS
Carl and Elizabeth were divorced on April 28, 1993. As part of the divorce proceedings, Carl and Elizabeth were granted joint custody of their minor child, two-year old Sara. The judgment named Elizabeth as the domiciliary parent and granted Carl specific and very detailed visitation privileges on weekends, holidays, birthdays, summer months, etc. Of particular relevance is the provision which granted Carl visitation on every other weekend from Friday at 6:00 p.m. to Sunday at 8:00 p.m.
On September 20, 1993, Carl filed a motion requesting that the trial court amend the April, 1993 judgment pertaining to his visitations with Sara and also requesting a reduction of his child support obligation.
After a hearing was held on December 14, 1993, the trial court ordered the following modifications in a judgment signed on January 4, 1994: (1) Carl was allowed to begin his weekend visitation on Thursday evening as opposed to Friday evening, provided that he give Elizabeth twenty-four (24) hours notice of his intent to exercise his visitation; (2) the place of exchange of the child was changed from Elizabeth's home to the sheriff's substation in Sulphur, Louisiana; (3) if Carl moved back to the Lake Charles area and provided both the court and Elizabeth with proof of his residence in the Lake Charles area, consisting of receipts showing payment of one month's rent, as well as telephone, gas, and electric service deposits and if he is unemployed, Carl may exercise visitation with Sara during the hours that she would otherwise attend daycare while Elizabeth was at work; and, (4) Carl's weekend visitation, as specified in the original judgment, would be revoked should he choose to exercise the visitation allowed in number three (3). The practical effect of the modified judgment was to grant Carl more visitation than that granted in the April 1993, custody and visitation judgment.

LAW AND DISCUSSION

A. Deviation of Final Judgment From Oral Reasons for Judgment
We will first address Carl's contention that the trial court's judgment erroneously deviated from the oral reasons for judgment. Specifically, Carl claims that the trial judge said nothing, in his oral reasons for judgment, about he and Elizabeth exchanging their daughter at the sheriff's substation located in Sulphur, Louisiana as opposed to Elizabeth's home. However, the final judgment eventually signed by the trial court states that the parents are to exchange the child, in the exercise of Carl's visitation, at the sheriff's substation in Sulphur, Louisiana. It has been well established that a trial judge may discretionarily sign a judgment *481 based on reasons which differ substantially from previously stated oral reasons. Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3d Cir.1980).
A trial judge's oral reasons for judgment do not constitute a final judgment. Therefore, prior to a final judgment, a trial judge may, at his discretion, change the substance or the result of any interlocutory rulings. Id. Moreover, since a trial judge may sign a final judgment that differs substantially from previously written reasons for judgment, a fortiori, a trial judge may sign a final judgment that differs from previously rendered oral reasons for judgment. Furthermore, the trial court is not bound by what the parties request in their petitions, and could render any judgment that is just and equitable based on the evidence presented at trial. Spalitta v. Silvey, 526 So.2d 471 (La. App. 1st Cir.), writ denied, 532 So.2d 115-116 (1988).
The record on appeal shows that Carl and Elizabeth have, on numerous occasions during the exchange of their child, engaged in altercations. Both parties express concern about encountering the other during an exchange of the child due to the possibility of arguments leading to physical confrontations. Furthermore, Carl has filed at least three criminal charges against Elizabeth. During one exchange when Elizabeth's brother was present, Carl and the brother engaged in a fist fight. Both Elizabeth and Carl recalled an incident when she did not want to give Sara to Carl because Carl had been drinking and she felt that he was drunk. Elizabeth testified that when she refused to hand over the child, Carl grabbed the child then slapped her across the face knocking her to the ground. Carl testified that it was Elizabeth who hit him. Although there is a dispute as to just what occurred during that exchange, it is clear that there exists a great potential for violence during the exchange of the child. Therefore, the trial court's final judgment mandating that the child be exchanged at the sheriff's substation in Sulphur, Louisiana was not an abuse of the trial judge's discretion since Elizabeth asked for that location and the evidence reveals that it is best that there be witnesses, other than family members, during the exchange. See, Edmond v. Hairford, 539 So.2d 815 (La.App. 3d Cir.1989); see also, Thurman v. Thurman, 521 So.2d 579 (La.App. 1st Cir.1988).

B. Failure to Submit Judgment to Opposing Litigant Prior to Presentation to Trial Judge
Secondly, Carl contends that the trial court's judgment is invalid because the final judgment, although signed by the trial court, was prepared and submitted by counsel for Elizabeth, the defendant, without his knowledge.
Although submission of the judgment to the opposing counsel or party for approval is the professionally courteous practice, it is not required under the Louisiana Code of Civil Procedure. Petersen v. State Farm Automobile Insurance Company, 543 So.2d 109, 117 (La.App. 3d Cir.), writ denied, 546 So.2d 1223 (1989); Barnes v. L.M. Massey, Inc., 612 So.2d 120 (La.App. 1st Cir.1992), writ denied, 614 So.2d 81 (1993). However, this case was heard in the Fourteenth Judicial District Court which has apparently codified this professional courtesy. Rule 6 of the Louisiana Rules of Court for the 14TH JDC provides that in the event a judgment is not presented by the party in whose favor judgment was rendered within a reasonable amount of time, the party or counsel against whom judgment was rendered may prepare and present a formal judgment to the court "after ... submitting a copy to the opposing party ... and furnishing such notice of presentation."
Counsel for Elizabeth, against whom judgment was rendered, states, in brief, that a reasonable time had passed after rendition of the judgment without Carl presenting a formal judgment to the trial court. As counsel for the party against whom judgment was rendered, he prepared and presented a formal judgment to the trial court after giving notice to Carl of his intent. An actual copy of the proposed judgment was not submitted to Carl prior to submission to the trial court as required by the local rule. Carl was merely furnished notice of the judgment's presentation to the trial court; therefore, *482 only the second requirement of the rule was met by Elizabeth's counsel. Thus, the question becomes whether the failure of Elizabeth's counsel to submit a copy of the judgment to Carl prior to presenting it to the trial court invalidate the final judgment. We hold it does not.
The party alleging error has the burden of showing that the error was prejudicial to his/her case by showing that the error, when compared to the record in its totality, had a substantial effect on the outcome of the case. American Manufacturers Mutual Insurance Co. v. General Motors Corp., 582 So.2d 934 (La.App. 2d Cir.1991). When a review of the entire record clearly indicates that correctness of the trial court's judgment and that justice has been done between the parties, that judgment will not be overturned due to errors of law that do not affect the merits. LaCombe v. Dr. Walter Olin Moss Reg. Hosp., 617 So.2d 612 (La.App. 3d Cir.), writ denied, 626 So.2d 1187 (La.1993); State v. W.A.S., 629 So.2d 1209 (La.App. 1st Cir.1993). The final judgment submitted by counsel for Elizabeth is fully supported by the record and substantially conforms to the trial court's rendition of its oral reasons for judgment. Therefore, any error committed by counsel in failing to submit a copy of the final judgment prior to its submission to the trial court for signing was harmless.

C. Failure to Provide for Equal Physical Custody
We now address Carl's contention that the trial court should have awarded him equal physical custody of his daughter pursuant to La.R.S. 9:335. For the following reasons, we disagree.
The statute, La.R.S. 9:335 provides in pertinent part:

SUBPART B. JOINT CUSTODY
§ 335. Joint custody decree and implementation order
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible, physical custody of the children shall be shared equally.
(3) The implementation order shall allocate the legal authority and responsibility of the parents.
* * * * * *

Application
Section 5 of Acts 1993, No. 261 amends and reenacts this section. R.S. 9:387, as enacted by § 8 of the same Act, provides:
"§ 387. Actions pending on effective date of child custody and support revision act; law governing
"Acts 1993, No. 261 does not apply to actions for separation from bed and board or divorce or actions for incidental relief commenced before January 1, 1994, or to reconventional demands thereto, whenever filed. Such actions are to be governed by the law in effect prior to January 1, 1994."
By Acts 1993, No. 261, § 5, La.C.C. art. 131 was amended and re-enacted as La.R.S. 9:335, and became effective on January 1, 1994. In terms of its application, La.R.S. 9:335 clearly states that orders implementing joint custody decrees pending before January 1, 1994, are to be governed by the law in effect prior to January 1, 1994. As Elizabeth correctly states in brief, the judgment appealed was rendered on December 14, 1993; thus, the action was pending before January 1, 1994 and La.R.S. 9:335 is inapplicable to the present case. The issue now becomes whether the law in effect before January 1, 1994, pertaining to implementation of joint custody decrees, required that physical custody of the child be shared equally.
Elizabeth incorrectly states that La.C.C. art. 136, was the law applicable at the time of the present action. In 1993, La.C.C. art. 136, was left blank. The 1994 La.C.C. art. 136, *483 has an effective date of January 1, 1994, and although it speaks of the best interest of the child, the title of that article is "Award of visitation rights," and is applicable only to a parent not granted custody or joint custody. Since Carl and Elizabeth were granted joint custody of their child and the article was not effective until January 1, 1994, like La.R.S. 9:335, La.C.C. art. 136 is inapplicable in this case.
As stated above, prior to the 1993 amendment and re-enactment, the subject matter now contained in La.R.S. 9:335 was found in La.C.C. art. 131(A)(1) and (D). Of particular concern in this case is paragraph (D) of La.C.C. art. 131, as it existed prior to January 1, 1994, during the pendency of Carl's and Elizabeth's custody suit.
Act 1993, No. 905, § 1, amended Article 131(D) of the Louisiana Civil Code. The effective date of that amendment, as approved June 23, 1993, was August 15, 1993. This amendment was to be in force until January 1, 1994. Prior to the amendment by Act 1993, No. 905, § 1, La.C.C. art. 131(D) provided: "... `joint custody' shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage..." The amendment provided: "To the extent feasible, physical custody of the children shall be shared equally." Thus, the law while this case was pending and at the time judgment was rendered, provided for the parents to share equally the physical custody of the child, if feasible. However, the amendment did not change the trial court's requirement to consider, among other things, the factors which were enumerated in paragraph (C)(2) of La.C.C. art. 131, which takes into consideration the best interest of the child.
Every child custody case must be viewed on its peculiar set of facts and relationships involved, with the paramount goal of reaching a decision which is in the best interest of the child. Rester v. Manuel, 619 So.2d 655 (La.App. 5th Cir.), writ denied, 625 So.2d 172 (1993); Pahal v. Pahal, 606 So.2d 1359 (La.App. 2d Cir.1992); Lake v. Robertson, 452 So.2d 376 (La.App. 3d Cir.1984). The trial court is vested with vast discretion in matters of child custody and visitation, and its determination is entitled to great weight and will not be disturbed on appeal unless a clear showing of abuse of its discretion is made. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Becker v. Becker, 613 So.2d 275 (La.App. 3d Cir.), writ denied, 614 So.2d 65 (1993).
The legislature has determined that one of the factors to be considered in making an award of physical custody is the distance between the respective residences of the parties. La.C.C. art. 131(C)(2)(k).
When, as in this case, one parent lives in LaPlace, Louisiana and the other parent lives in Lake Charles, some three and a half to four hours apart, it is clear that sharing physical custody of the child equally would be expensive and very difficult. Our legislature has also determined that the trial court could consider any other factors that it deems relevant to a particular child custody dispute. La.C.C. art. 131(C)(2)(l) (before its amendment).
As discussed earlier in this opinion, Carl and Elizabeth do not get along, to say the least. Carl, in proper person, has filed several civil and criminal actions against Elizabeth which have caused Elizabeth to suffer both financially and emotionally. On the other hand, Carl also feels strongly that Elizabeth does not properly care for their daughter. Carl has not honored his child support obligation. Carl testified that he cannot pay child support because he is unemployed and barely able to pay for his own living expenses; yet, he claims he could support a two-year old child for at least six months out of the year. The record clearly reflects a deep mutual animosity between Carl and Elizabeth.
Even if the trial court had split the year in half and awarded Carl physical custody of his two-year old daughter for six months as Carl requested, the parties' dislike for each other would not be of benefit to either parties' mental health, La.C.C. art. 131(C)(2)(g), nor would it facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, La.C.C. art. 131(C)(2)(j), which are two additional factors the trial court must take into consideration. *484 Because equally sharing the physical custody of their child would impact negatively in at least four of the facts enumerated in La.C.C. art. 131(C)(2), it is not in the best interest of the child.
An equal sharing of physical custody of the child, provided by La.C.C. art. 131(D), at the time of this action, is only mandated to the extent that equal sharing is feasible. Where to award equal physical custody of the child is not in the child's best interest, it is clearly not feasible since the visitation and custody rights of the parents are always subservient to the best interest of the child. Reed v. Hargroder, 525 So.2d 661 (La.App. 3d Cir.1988). It would be illogical for a trial court to find feasible, a plan for sharing equally the physical custody of a child, where under the facts of a particular case, it would be antithetical to the child's best interest. We have such a case here.

CONCLUSION
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant, Carl Christian Muller, Jr.
AFFIRMED.