671 So.2d 516 (1995)
Peter J. CARO
v.
Deanna Martin CARO.
No. 95 CA 0173.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*517 Jerri G. Smitko, Houma, for Plaintiff-AppellantPeter J. Caro.
Diana Sanders, Raceland, for Defendant-AppelleeDeanna Martin Caro.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
*518 FITZSIMMONS, Judge.
Plaintiff, Peter J. Caro, appealed the judgment of the trial court on incidental issues stemming from the petition of divorce filed by Mr. Caro. We amend the visitation schedule and affirm.

FACTS AND PROCEDURAL BACKGROUND
The trial court judgment of October 21, 1994, (1) awarded Mr. Caro and Deanna Martin Caro, his wife, joint custody of their minor child, (2) designated Mrs. Caro as the domiciliary parent, (3) ordered a specific visitation and holiday schedule, (4) awarded Mrs. Caro the use of the family home, (5) awarded the parties the exclusive use of their respective vehicles, (6) ordered Mr. Caro to pay alimony pendente lite, child support, the health insurance premium for Mrs. Caro and the minor child, and reasonable medical expenses.
Mr. Caro assigned error to the judgment, as follows:
1. The trial court erred in failing to order a joint custody implementation plan.
2. The trial court erred in failing to award sufficient visitation to Mr. Caro.
3. The trial court failed to allow Mr. Caro a credit for the expenses of a child by a previous marriage.
4. The trial court erred in failing to deduct the insurance premium from the child support.
5. The trial court erred in failing to award Mr. Caro a fair rental value for use of the family home by Mrs. Caro and the minor child.

IMPLEMENTATION PLAN
The parties were not ordered to submit plans, nor did either party submit specific implementation plans. Mr. Caro does not argue that the trial court failed to properly consider his plan. Mr. Caro does not argue that the implementation plan is flawed or incomplete. Mr. Caro assigns error to the trial court's failure to order an implementation plan of any kind.
La.R.S. 9:335 does not require a specific form be used for the implementation plan. The October 21, 1994 judgment awarded joint custody, designated a domiciliary parent, ordered a visitation and holiday schedule with set dates and venues included. La.R.S. 9:335 B(3) gives the domiciliary parent authority for any decision not provided for in the implementation plan.
The judgment in the record qualifies as the custody order and the implementation plan. The fact that the order was not entitled "implementation plan," is of no consequence.

VISITATION RIGHTS
Mr. Caro left the matrimonial domicile in Louisiana, and moved to Texas as a requirement of his employer. He is employed in a family owned business. The minor child was born June 22, 1993, and was less than two years of age at the time of trial. Mr. Caro argues that his work schedule makes it difficult to take time off to travel to Louisiana to visit the child. The long distances he would have to drive to pick the child up for a weekend in Texas leaves no actual time for the visitation in Texas. Mr. Caro argues that the distance is too great to drive so frequently and that he cannot afford to fly that often. In brief, however, Mr. Caro does not answer the trial court's concern that week-day visitation would be with the grandparents and not the father. Mr. Caro simply argues that he wants more time with the child.
The trial court, in its oral reasons for judgment noted that Mr. Caro asked for two weeks of visitation out of every month, in effect, an equal sharing. The trial court specifically found that Mr. Caro's admittedly hectic work schedule would impede any prolonged or weekday visitation in Texas. Thus, the visitation would result only in the child being placed with the paternal grandfather and his wife. The trial court also considered the child's age in setting visitation. The trial court awarded Mr. Caro three weekends per month, one in Texas, and the other two in Houma, Louisiana, the child's home. In its reasons for judgment, the trial court apparently contemplated an extended weekend in Texas, but did not so order in the judgment.
*519 La.R.S. 9:335 9A(2)(a) and (b) call for frequent and continuing contact with both parents, rising to equal sharing of physical custody, if feasible. However, the law does not mandate equal sharing and the trial court is imbued with much discretion in the determination of what constitutes physical custody or feasible, reasonable visitation. The paramount consideration is always the best interest of the child. Muller v. Muller, 94-281, p. 8 (La.App. 3rd Cir. 10/5/94), 643 So.2d 478, 483 (Case was decided based on prior law. However, the elements of the new law, applicable here, are the same).
Under the circumstances here, we find that it would be in the best interest of the child to provide a workable, regular visitation schedule with the father. Regular contact also favors the continued, important relationship with the child's step-sister, who lives with Mr. Caro.
We are aware that the father moved far away from the child's home and that the child is very young. We are also aware that if the work schedule makes it very difficult for Mr. Caro to take week-days off to travel to Houma from Dallas, his work schedule would presumably make it very difficult to take those same week-days off to spend with his son. Mr. Caro makes no offering or argument that he would take time off to be with his son before the child's bedtime on weekdays. Therefore, we do not find that equal sharing is feasible and do not believe a drastic change in the visitation is required. See Muller v. Muller, 94-281, at p. 8, 643 So.2d at 483. However, by awarding in the judgment only weekends, id est, Saturday and Sunday, to a father located so far away, especially with an order to have one weekend visit in Texas, the trial court abused its discretion. It is physically impossible for the father to exercise any reasonable visitation within the parameters set by the trial court. Almost the entire visitation would be spent in travel time.
A twice monthly visitation of alternating extended weekends, from Friday, beginning at 8:00 a.m., to Monday, ending at 8:00 p.m., would ensure regular contact between father and son, without unnecessarily disrupting a young child's schedule and need for stability. The visitation can be in either Texas or Houma, Louisiana. Mr. Caro has family in both locations to assist him.
This extended, more flexible visitation takes into consideration the long distances to be traveled by Mr. Caro, or the child. It allows more consecutive days to visit with the child, and recognizes the trial court's concern that visits comprised of mostly weekdays would be with the paternal grandfather and step-grandmother, rather than the child's father. If Mr. Caro is truly unable, or unwilling, to curtail his work schedule and take week-days off to travel the distance necessary to pick up the child for this extended visitation, we do not believe that an award of extra week-days for the visitation would correct the work schedule problem and result in more contact between father and son. As the child grows older, visitation can be adjusted to fit the changing circumstances of the parents and the requirements of the child's schooling.

EXPENSES OF CHILD FROM ANOTHER MARRIAGE
Mr. Caro asserts that he should be given a deduction for the expenses of a child from a previous marriage, who lives with Mr. Caro. Mr. Caro argues that it is fundamentally unfair to allow a deduction for court ordered child support, and not for the actual expenses incurred by the custodial parent who was not ordered to pay support.
La.R.S. 9:315(1) allows a deduction from gross income of "preexisting child support... paid to another who is not a party to the proceedings, or on behalf of a child who is not the subject of the action of the court." La.R.S. 315.1 B and C(7) vest the trial court with the discretion to deviate from the statutory child support guidelines, if the trial court explains his deviation and the deviation is reasonable. La.R.S. 9:315.1 C(2) allows consideration of the expenses necessary to support dependents in a parent's household who are not a party to the action. These expenses may provide a basis for a deviation by the trial court. See Germany v. Germany, 599 So.2d 350, 353 (La.App. 1st Cir.1992). *520 Mr. Caro does not pay child support to another for the child of a prior marriage, but does support a child, from a prior marriage, who lives with Mr. Caro. Logically, Mr. Caro's argument might have merit, if the law did not allow the 315.1 C(2) credit or the trial court had not considered the expenses. However, in this case, the trial court related in its reasons for judgment that it specifically took the expenses of the other child into account. The trial court did make adjustments in the calculation of Mr. Caro's gross income by not adding in a significant portion of a yearly bonus. In effect, the trial court deviated from the guidelines, set forth in La.R.S. 9:315, et seq., and allowed Mr. Caro a credit for the other child's expenses.
Mr. Caro argues that the trial court should have deviated from the basic child support obligation, rather than adjusted the gross income. Mr. Caro apparently tries to draw a distinction in the method used by the trial court to award the credit. However, under the facts here, it is a distinction, without any real difference. The guidelines encompass more than the schedule of basic child support obligations found in La.R.S. 9:315.14. The basic analysis by the trial court was correct and the result was fair. We find no abuse of discretion.

INSURANCE PREMIUM
Mr. Caro asserts that the trial court failed to allow Mr. Caro a credit for the health insurance premium the court ordered Mr. Caro to pay. Mr. Caro cites case law that ordered a credit where the premium was added to the basic child support obligation, but the father paid the premium separately.
The cost of health insurance premiums are added to the basic child support obligation calculated under La.R.S. 9:315.14. La.R.S. 9:315.4. La.R.S. 9:315.8 D allows a deduction by the non-domiciliary parent for any direct payments made for various expenses, including health insurance premiums. The object of the statutory scheme is to eliminate the risk of double payment by the non-domiciliary parent: one payment for the premium made to the domiciliary parent in the court ordered child support and a second, for the same premium, to the insurer.
The case here is different from those cited by Mr. Caro. The court ordered the premium to be paid separately, and did not add it to the basic monthly child support obligation calculated under the child support tables. By not adding the premium to the basic obligation the trial court ordered Mr. Caro to pay, the court effectively gave Mr. Caro the credit provided for by La.R.S. 9:315.8.

RENTAL VALUE OF FAMILY HOME
Mr. Caro asserts that the trial court erred in failing to consider and grant Mr. Caro a fair rental value for the use of the family home by Mrs. Caro and the minor child. Mr. Caro argues that the trial court failed to even rule on the matter.
Silence in a judgment on an issue placed before the court is deemed to be a denial of the issue. Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300, 303 n. 4 (La. App. 1st Cir.1991). Therefore, the request for fair rental value by Mr. Caro was denied.
La.R.S. 9:374 C provides that the spouse occupying the family home before divorce or partition of the community "shall not be liable to the other spouse for rental ..., unless otherwise agreed by the spouses or ordered by the court." The decision to award rent, if such is requested, rests with the trial court. Rozier v. Rozier, 583 So.2d 87, 90 (La.App. 3rd Cir.1991). After a thorough review of the record, we find no abuse of discretion in the denial by the trial court.

CONCLUSION
For the foregoing reasons, we amend the visitation order, and affirm the judgment of the trial court in all other respects. The cost of the appeal is assessed to appellant, Mr. Peter J. Caro.
AMENDED, and as amended, AFFIRMED.