810 So.2d 1269 (2002)
Elizabeth Dube NEWCOMB
v.
Shelton Scott NEWCOMB.
No. 01-1530.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
Ralph W. Kennedy, Alexandria, LA, counsel for Elizabeth Dube Newcomb.
Michael H. Davis, Davis & Saybe, Alexandria, LA, counsel for Shelton Scott Newcomb.
Court composed of SYLVIA R. COOKS, MARC T. AMY and GLENN B. GREMILLION, Judges.
AMY, Judge.
The plaintiff brought this action against the defendant to secure sole custody of their children and child support. The trial court awarded sole custody of the two minor children to the plaintiff. The defendant appeals the determination of child custody in favor of the plaintiff. For the following reasons, we affirm.

*1270 Factual and Procedural Background
Elizabeth Duhe Newcomb and Shelton Scott Newcomb were divorced in August of 1999, in a decree rendered by the State of Georgia. There were two children of the marriage, both of them conceived and born in Georgia. During and after the divorce, the Newcombs became financially unstable and Mr. Newcomb filed for bankruptcy. Faced with losing their homes and ensuing financial hardship, Ms. Newcomb moved, with the children, to her native Louisiana on February 14, 2000, and Mr. Newcomb moved to California, to pursue a new job, on February 27, 2000.
In the summer of 2000, Mr. Newcomb requested visitation with the children in California for an unspecified amount of time. Ms. Newcomb testified that Mr. Newcomb said that they would wait and see how things were going and decide upon a time for the children's return. Ms. Newcomb testified that she agreed to this. However, once the children were in California, Mr. Newcomb informed Ms. Newcomb that he would not be returning the children.
According to the record, the consent decree that the parties entered into, at the time of their divorce, stipulated that, if Ms. Newcomb moved more than fifty miles from the Marietta, Georgia area, then Mr. Newcomb would assume domiciliary status over the children. Based upon this stipulation, Mr. Newcomb argued that he was now the domiciliary parent and the children should stay with him in California. Accordingly, Ms. Newcomb traveled to California and received an order from a California court, for the return of the children. The California court stipulated that the order was temporary and that Georgia had reserved jurisdiction in the matter. The Georgia court later issued a declaratory judgment that rendered the consent decree that was in effect, valid.
In November of 2000, Ms. Newcomb filed the instant suit requesting sole custody of the two minor children and child support. The trial court rendered sole custody in favor of Ms. Newcomb, but declined to set child support citing a lack of personal jurisdiction over the defendant, Mr. Newcomb.
Mr. Newcomb now appeals arguing that the trial court erred in determining sole custody of the children in favor of Ms. Newcomb. Specifically, he argues that, because the trial judge failed to require Ms. Newcomb to prove a material change in circumstances, her request for sole custody should have been denied.

Discussion
The defendant argues that the trial court erred in awarding sole custody to Ms. Newcomb because a material change in circumstances was not established. When reviewing a child custody matter, the trial court's decision is afforded great weight and the trial judge's discretion will not be disturbed on review absent a clear showing of abuse. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). "Each custody case must be decided on its own particular facts and circumstances, and the paramount goal is to do what is in the best interest of the minor children." Hebert v. Blanchard, 97-550, p. 4 (La.App. 3 Cir. 10/29/97); 702 So.2d 1102, 1105. See also Muller v. Muller, 94-281 (La.App. 3 Cir. 10/5/94); 643 So.2d 478. Additionally, La.Civ.Code art. 131 states: "In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child."
This court has previously set forth the burden of proof in custody modification matters as follows:
In custody modification cases, when a party attempts to modify a "considered decree", he bears the heavy burden of proving that the continuation of present *1271 custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
When no evidence is adduced at the district court level prior to the entry of the joint custody order which is sought to be modified, that joint custody decree is not a "considered decree" within the meaning of Bergeron, supra. In this situation, the heavy burden of proof is not applicable, but the moving party must still prove a material change in circumstances since the entry of the original decree and that the modification proposed is in the best interest of the child. McGee v. McGee, 552 So.2d 576 (La.App. 2d Cir.1989).
Blanchard, 702 So.2d at 1105, citing, Beard v. Beard, 599 So.2d 486, 488 (La. App. 3 Cir.1992). In the present case, the original decree was not a considered decree, but was a consent decree. Thus, Ms. Newcomb has the burden of proving a material change in circumstances since the original decree and that the custody modification proposed is in the best interest of the children.
The trial judge in this matter awarded sole custody to Ms. Newcomb and provided for reasonable visitation with the children by their father. However, the visitation is limited to the State of Louisiana and requires the presence of Mr. Newcomb's new wife. Furthermore, he is to post a ten thousand dollar cash bond to ensure his compliance with the visitation order and submit to random drug testing prior to exercising his visitation with the children. The trial court further stated in its oral reasons for ruling:
The Court in many respects shares Ms. Newcomb's concern about the children. Mr. Newcomb has apparently obeyed court orders once the court orders have zeroed in on him. But this Court is convinced that in August of the year 2000 Mr. Newcomb, knowing full well that he was going to keep these children, talked Ms. Newcomb into delivering the children to him in California for what was supposedly a summertime visitation, and that once there Mr. Newcomb finally in August of that year told Ms. Newcomb that he did not intend to return these children.
The trial court was presented with testimony and evidence of Mr. Newcomb's drug use, apparent drug overdose, gambling problem, and $2.4 million dollar bankruptcy. Additionally, Mr. Newcomb has not consistently paid the child support ordered by the Georgia court. Mr. Newcomb is currently married to his fifth wife and her four children reside with him. Thus, the trial court was presented with ample evidence to determine the best interests of the children.
However, Mr. Newcomb argues that, because a change in circumstances was not established at the trial, custody should remain with him as per the original Georgia divorce decree. As stated above, the Georgia consent decree stipulated that, if Ms. Newcomb moved more than fifty miles from her home in Georgia, then Mr. Newcomb would become the domiciliary parent. After the California court returned the children to Ms. Newcomb, Mr. Newcomb filed for a declaratory judgment in Georgia. Consequently, the Georgia court declared that the stipulation in the consent decree was valid. However, the court did not render a custody decision and did not determine what was in the best interest of the children or whether there was a change in circumstances.
"Modification of custody plans, whether by consent decree or considered *1272 decree of the court, may only be obtained where there is shown to be a material change of circumstances since the custody decree was rendered." Chance v. Chance, 00-1658, p. 6-7 (La.App. 3 Cir. 5/2/01); 784 So.2d 817, 822. See also Kulbeth v. Kulbeth, 99-1785 (La.App. 3 Cir. 4/5/00); 758 So.2d 969. Since the consent custody decree has been rendered, Mr. Newcomb has moved from Georgia across the country to California. Furthermore, Mr. Newcomb has remarried and is now responsible for four stepchildren. Also, Mr. Newcomb has failed to consistently pay child support. All of these facts are present in the record and were provided through testimony to the trial court. Considering all of the evidence from the record, the trial court did not abuse its discretion in awarding sole custody to Ms. Newcomb.

DECREE
For the above reasons, we affirm the decision of the trial court. All costs of this matter are assigned to the defendant, Shelton Scott Newcomb.
AFFIRMED.