834 So.2d 1109 (2002)
Michael J. FRANCOIS
v.
Tracy LEON.
No. 02-0460.
Court of Appeal of Louisiana, Third Circuit.
November 27, 2002.
*1110 Terry B. Soileau, Teche Law, Inc., Lafayette, LA, for Plaintiff/Appellant: Michael J. Francois.
Michael John Daspit, St. Martinville, LA, for Defendant/Appellee: Tracy Leon.
Court composed of NED E. DOUCET, JR., Chief Judge, MARC T. AMY and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the plaintiff, Michael J. Francois, appeals the judgment of the trial court denying his petition seeking equal sharing of physical custody with the defendant, Tracy Leon, and a restriction placed upon Tracy's custody. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In a judgment signed October 18, 1999, the trial court rendered a considered,[1] joint custody decree of the minor child, Keyvus Leon, giving joint custody to Michael and Tracy. The court designated Tracy the domiciliary parent and granted physical custody of Keyvus to Michael every other weekend, every other Wednesday, and certain holidays.
Michael filed a petition captioned as a "Rule for an Increase in Visitation Rights" on September 25, 2001. This rule sought to modify the previous custody judgment to provide "an equal sharing [of] physical custody" of Keyvus. In addition, the rule requested that Ms. Leon's physical custody of Keyvus be restricted so that "such visitation is not to be in the presence of Douglas Robinson."
On December 18, 2001, the trial court held a contradictory hearing on Michael's rule. Michael testified that his work schedule had changed; and in turn, this schedule would allow an equal sharing of the physical custody of Keyvus. As a result, he sought to modify the previous custody decree to allow him physical custody of Keyvus for fifteen days during each month. He also alleged that Robinson was living with Tracy. Michael said that he was upset about Robinson being near Keyvus because Robinson has allegedly been convicted of forcible rape. Michael generally *1111 asserted that Robinson presented a danger to Keyvus. Yet, no other testimony or evidence was presented to support that assertion.
In contrast, Robinson testified that he did not live with Tracy. Robinson explained that Tracy was the mother of two of his children and that they lived with her. Tracy also testified that Robinson does not live with her. Furthermore, she claimed that the only time that Robinson is at her house is when he is there to pick up his children.
In closing arguments, although Michael argued that the Bergeron rule should not apply, he nevertheless requested "a modification to a 50/50 sharing of custody." In addition, Michael requested that the trial court place a restriction that, when Keyvus is in Tracy's custody, she is not to be in the presence of Robinson. However, the trial court denied both requests at Michael's cost. The trial court provided the following oral reasons for ruling:
The previous determination of custody was a considered decree. Therefore, Mr. Francois has to meet the Bergeron burden. Based on the evidence I've heard today, he hasn't done that.
With regard to restricting contact between the child and Mr. Robinson, the testimony that was presented here today is that the only contact Mr. Robinson has with the children is when he comes to pick up the children and doesn't really spend any time with the child, and to order that Mrs. Leon should not allow Mr. Robinson around Keyvus would restrict his visitation with his children. And I don't feel that that (sic) can be done because he's not a party to these proceedings. And, also, the limited contact that he has with the boy has not been shown to have any ill effect. Therefore, I will deny Mr. Francois' petition at his cost.
Mr. Francois now appeals that ruling, raising the following assignments of error:
1. The trial court committed a manifest error of law in applying the Bergeron standard;
2. The trial court erred in not considering the "best interest of the child" standard; and,
3. The trial court erred in refusing to restrict Tracy Leon's "visitation."

THE BERGERON AND BEST INTEREST OF THE CHILD STANDARDS
In support of the first two assignments of error, Michael argues that his rule was seeking an increase in "visitation rights," not a change in custody. Accordingly, he contends that the trial court should have applied the less stringent "best interest of the child" standard rather than the strict standard of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). We find that this argument lacks merit under the particular facts and circumstances before us.
In Bergeron, the Louisiana Supreme Court articulated the rule for custody modification cases:
[I]n order to protect children from the detrimental effects of too liberal standards in custody change cases, the burden of proof should be heavy and the showing of overall or net benefit to the child must be clear. To accommodate these interests, the burden of proof rule should be restated as follows: When a trial court has made a considered decree of permanent custody, the party seeking a change bears the heavy burden of proving that the continuation of present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is *1112 substantially outweighed by its advantages to the child.
Bergeron, 492 So.2d at 1200; see also Newcomb v. Newcomb, 01-1530 (La.App. 3 Cir. 3/6/02); 810 So.2d 1269; Hebert v. Blanchard, 97-550 (La.App. 3 Cir. 10/29/97); 702 So.2d 1102.
Initially, we observe that use of the term "visitation" in Michael's rule in the instant matter is misleading because the parties had been awarded joint custody and the change sought is one to the shared custody arrangement. La.R.S. 9:335(B)(2) provides:
The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.
(Emphasis added). Consequently, the time that Keyvus spends with Michael may be better described as the physical custody allocation of a joint custody plan instead of "visitation."
On the other hand, visitation has its own independent basis in the Civil Code, and the burden for an award of visitation rights is simply the best interest of the child. See La.Civ.Code art. 136(cmt.b); Maxwell v. LeBlanc, 434 So.2d 375 (La. 1983). Nonetheless, La.Civ.Code art. 136(A), entitled "Award of Visitation Rights," provides:
A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.
(Emphasis added). Hence, the analysis of Article 136(A) is not applicable to the specific facts of this case because Michael is a parent who has been granted joint custody, and who, in fact, is substantially seeking a reapportionment of physical custody. But see White v. Fetzer, 97-1266 (La.App. 3 Cir. 3/6/98); 707 So.2d 1377.
Furthermore, a litigant's characterization of his pleading does not necessarily control the court's determination of the matter within. Deshotels v. Evangeline Parish School Board, 95-1462 (La. App. 3 Cir. 4/3/96); 671 So.2d 1136. Rather, a court is obligated to look beyond the caption and determine the substance of the pleading. Thompson v. Harrington, 99-571 (La.App. 3 Cir. 10/13/99); 746 So.2d 652, citing Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980). The court will subsequently allow the pleading to be governed by its substance or by what is sought as relief. See Roddy v. Crawford, 618 So.2d 1229 (La.App. 3 Cir.1993).
In her brief, Tracy argues that this court should follow the second circuit's reasoning in Lee v. Lee, 34,205 (La.App. 2 Cir. 8/25/00); 766 So.2d 723, writ denied, 00-2680 (La.11/13/00); 744 So.2d 150. In Lee, the second circuit held that a trial court granting an "increase in visitation rights" constituted a modification of a custody decree.[2]Id. The second circuit found that, despite the litigant's characterization *1113 of the action as "increased visitation," the trial court modified the physical custody provisions to establish an equal sharing arrangement. Id. Consequently, the second circuit ruled that the Bergeron standard was applicable because the litigant sought modification of physical custody after a custody decree was entered. Id.
Similarly, although Michael's petition was captioned as a "Rule for Increase in Visitation Rights," the trial court correctly observed that rule substantively seeks a modification of physical custody. Michael's rule specifically provides that he is seeking to amend the October 1999 decree to provide an equal sharing of physical custody of Keyvus, and he requested "a modification to a 50/50 sharing of custody" in his final argument. Accordingly, the substance of the rule indicates that Michael is seeking to modify the physical custody aspects of a considered custody decree, and the Bergeron standard will apply. Therefore, the trial court did not commit an error of law when it applied the Bergeron standard.
Turning to consideration of the trial court's factual finding regarding the burden of proof, we observe that the trial court is afforded vast discretion when making child custody determinations. Muller v. Muller, 94-281 (La.App. 3 Cir. 10/5/94); 643 So.2d 478. Further, the trial court's determination should not be overturned absent a clear showing of abuse of discretion. Id. Michael supported his rule to modify the physical custody of Keyvus by testifying that his work schedule had significantly changed. Since he desired to be more involved in Keyvus' life, he sought to modify and increase his physical custody of Keyvus. But, Michael did not present any other testimony or evidence other than what was discussed above. Considering the evidence, or lack thereof, the trial court did not abuse its discretion when it found that Michael had failed to meet the Bergeron criteria to modify physical custody of a considered custody decree. Accordingly, Michael's first two assignments of error are without merit.

RESTRICTION ON CUSTODY
In support of the third assignment of error, Michael argues that he should have some control over who has contact with Keyvus since he has been given joint custody of Keyvus. Specifically, Michael contends that the trial court should have restricted Tracy from allowing Robinson to come into contact with Keyvus.
After the parties' presentation of evidence, the trial court found that no evidence or testimony was produced to show that Robinson had any detrimental effect on Keyvus, particularly because the contact was very limited. Further, the trial court found that to restrict Robinson's contact with Keyvus, which only occurred when he picked up his children for visitation, would necessarily interfere with his visitation with them. Finally, the fact that Robinson has visitation with his children indicates that even if the allegations against him were true, he has not been prevented from seeing his children, which would lead one to believe that he does not pose a threat to them. In a recent case, we held:
In cases involving the custody of children, the trial court is vested with a vast amount of discretion. Bagents v. Bagents, 419 So.2d 460 (La.1982). The trial court is in a better position to evaluate the best interest of a child because of its superior opportunity to observe the parties and the witnesses who testified at the trial. Hawthorne v. Hawthorne, 96-89 (La.App. 3 Cir. 5/22/96); 676 So.2d 619, writ denied, 96-1650 (La.10/25/96); 681 So.2d 365. Furthermore, on appellate review, the trial *1114 court's determination of custody issues is not to be disturbed in the absence of a clear showing of abuse. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972).
Greene v. Taylor, 01-1137, pp. 7-8 (La. App. 3 Cir. 2/27/02), 809 So.2d 1187, 1192, writ denied, 02-0975 (La.4/26/02), 814 So.2d 567.
We are unable to find that the trial court abused its discretion in refusing to restrict custody given the particular facts of this case. Certainly, if Robinson's contact with Keyvus increases, then the parties may wish to review this matter at that time to determine if the increased contact has a detrimental effect on Keyvus. However, for the forgoing reasons, we find no merit in this assignment of error.

CONCLUSION
The decision of the trial court denying Michael's petition for a change of custody is affirmed at Michael's cost.
AFFIRMED.
AMY, J., DISSENTS IN PART AND ASSIGNS REASONS.
AMY, J., dissenting in part.
I respectfully dissent from that portion of the opinion addressing Mr. Francois' request to limit contact between his son and Douglas Robinson. Although the trial court found that no evidence or testimony was produced to show that contact with Mr. Robinson had any detrimental effect on Keyvus, I conclude that the trial court's focus was unnecessarily narrow under the circumstances of this case. This is not a situation in which a parent is seeking to prohibit a domiciliary parent from generally entertaining visitors of the opposite sex. See Moreau v. Moreau, 422 So.2d 734 (La.App. 3 Cir.1982) (a case in which there was no showing made that any contact would have a detrimental effect on the child). Rather, Mr. Francois seeks to prevent his child from coming into contact with a visitor convicted of forcible rape. Due to the nature of the offense, this would seem to be a precaution that a parent granted joint custody must be able to ensure. I conclude that the language of any such restriction could be tailored to ensure that it is not overly broad. See Lasseigne v. Lasseigne, 434 So.2d 1240 (La.App. 1 Cir.1983). Accordingly, I would reverse the decision of the trial court denying this request from Mr. Francois. In all other respects, I concur in the majority opinion.
NOTES
[1] In Oliver v. Oliver, 95-1026, p. 12 (La.App. 3 Cir. 3/27/96); 671 So.2d 1081, 1089, this court stated: "A considered decree is one which results from the reception by the court of evidence concerning parental fitness to exercise custody." The October 1999 judgment indicates that such evidence was taken and that such a determination was made.
[2] In reaching this holding, the second circuit also relied upon the reasoning of Davenport v. Manning, 95-2349 (La.App. 4 Cir. 6/5/96); 675 So.2d 1230. In Davenport, the fourth circuit held that the Bergeron standard applies whenever a party seeks to change the physical custody aspects of a considered custody decree. Id. Despite a litigant's argument that Bergeron should apply only when a party seeks a change in legal custody (i.e. sole custody to joint custody or joint custody to sole custody), the fourth circuit found that the reasoning behind Bergeron required application to all changes in physical custody. Id. Otherwise, the fourth circuit concluded that the intent behind the strict Bergeron standard would be defeated. Id.