STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-604

LESLIE MORAN JACKSON

VERSUS

JERRY L. HARRIS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ON APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 197,126
HONORABLE F. RAE SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese,
Judges.

**AFFIRMED.**

E. Grey Burnes Talley
711 Washington Street
Post Office Box 650
Alexandria, Louisiana 71309-0650
(318) 442-5231
COUNSEL FOR APPELLANT:
    Leslie Moran Jackson

Michael H. Davis
Davis & Saybe, LLP
2017 MacArthur Drive
Building 4, Suite A
Alexandria, Louisiana 71301
(318) 445-3621
COUNSEL FOR APPELLEE:
    Jerry L. Harris

**COOKS, Judge.**

## STATEMENT OF THE CASE

Leslie Moran Jackson appeals the trial court's denial of her Motion to Modify the Joint Custody Implementation Order rendered on August 2, 2001. For the reasons assigned below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS

Leslie Moran Jackson and Jerry L. Harris were married on February 14, 1996 and divorced on May 22, 2000. The couple have two children, Jeremy Harris, born June 22, 1994 and Haley Harris, born June 9, 1995. A consent custody decree was rendered on November 15, 1999. In December 2000, Ms. Jackson moved to Chicago, Illinois taking the children with her. Shortly thereafter, Mr. Harris filed a Rule for Contempt and Modification of Custody. A hearing was held before the Honorable Donald Johnson. On June 21, 2001, the trial court maintained Ms. Jackson as the primary domiciliary parent and ordered the parties to submit joint custody plans. A Joint Custody Implementation Order was signed on August 2, 2001. The Order provided for joint custody of the children and gave Mr. Harris physical custody during the following times:

> A. Beginning July 23, 2001, on the 1st and 3rd **weekend** of each month, from the time school lets out (or, if school is not in session, from 6:00 p.m.) on Friday, until 6:00 p.m. on the following Sunday. A weekend is the 1st weekend of the month if the Friday of the weekend is the 1st Friday of the month. The exercise of this physical custody depends on Jerry L. Harris traveling at his expense to the state of Illinois (so that the minor children shall not have to travel). His physical custody shall be exercised inside the state of Illinois (unless the parents agree for him to take the minor children from the state.)
>
> B. Beginning in 2002, during the **summer**, so that visitation commences afer the children's school year ends and terminates at least five days prior to the start of school.

Additionally, Mr. Harris has custody of the children for Easter and Thanksgiving on odd-numbered years, the Christmas/New Year's Holiday for one

2

week of the two weeks each year, on Father's Day and on his birthday (July 25).

In June 2002, Ms. Jackson filed a Motion to Modify Custody/Visitation. Following a hearing, on January 15, 2004, the trial court amended the order to require Mr. Harris to give Ms. Jackson seven days notice of his intent to exercise visitation and designated a location for the exchange of the children. In all other respects relevant to this appeal, the custody order remained the same.

On October 26, 2004, Ms. Jackson filed another Motion to Modify Visitation. Ms. Jackson contends there has been a substantial change in the amount of time afforded the children for summer vacation. She contends when the original Joint Custody Implementation Order was signed the children had only four to five weeks of summer vacation. Now, the children have approximately eight to ten weeks of summer vacation. She requests Mr. Harris' summer custody be modified. Ms. Jackson requests that the children remain with her for a week or two after school ends and that they be returned to Chicago a week or two prior to the start of the new school year (instead of five days, as designated in the custody order). She contends a week or two after the school year will allow the children time to relax at home and the additional time prior to school will be used for doctor's appointments, physical exams and other school related preparations. Ms. Jackson also requests alternating weekend visitation with the children in the summer when she travels to Louisiana and at least ten days notice of Mr. Harris' intent to exercise visitation.

A hearing was held. The only witnesses called were Ms. Jackson and Mr. Harris. At the close of trial, the trial court found no change in circumstances and denied Ms. Jackson's request for a modification of the custody order. The trial court admonished the parties for their unwillingness to cooperate, accommodate or communicate with each other. The court stated:

I can absolutely find no change in circumstances that would allow me

3

to modify this Judgment. The school time was short. That was a change in circumstances from the rest of the world. But an enlarged summertime is what everybody gets. It's not a change in circumstances such as to warrant my modifying a decree. It, it's very common. And I can't see that it alters anything other than, uh, gives an advantage to the person who's otherwise very disadvantaged by the move to Chicago. There are a lot of things that disturb me about this case. But I certainly don't find that these appointments and the mother's desire for summer visitation, increased visitation of her own, to be a change in circumstances. . . Now why it has to happen in your case tells me something about the two of you. That you're not communicating. That you're thinking me, me, me, me, me instead of what should we do about these children. Now one is merely a pediatric visit. This man could get a pediatric statement of health. But you know what, if you don't send him the notice until August when you got it in March you're in violation of what I read in that Order because the day you get the notice from school of what's required you are suppose[d] to send it to him. He could get half of it just by an ordinary physician. . . Well, I don't know you both said I will not accommodate the other one. That's what I heard through this whole thing. I didn't hear any change of circumstances. I didn't hear anything that would lead me to believe that I ought to modify this. And that's including the first and third weekends in the summertime. . . I just didn't hear anything that really led me to believe that either of you are going to do anything more than not accommodate the other and so you're just stuck with it. . . I don't think there's anyway to reach the best interest of children when both parties get on the stand and say I'm not going to accommodate the other.

Ms. Jackson filed this appeal. We affirm.

## LAW AND DISCUSSION

Ms. Jackson contends the trial court erred in applying the "substantial change in material circumstance" burden of proof to Ms. Jackson's request for a modification of visitation. Ms. Jackson contends this standard, as articulated in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), applies only to a change in physical custody. When a party seeks a modification of visitation, the appropriate standard is the "best interest of the child", which is a lesser burden of proof.

On August 2, 2001, the parties entered into a Joint Custody Implementation Order, which document provided Ms. Jackson and Mr. Harris "shall have *joint custody* of the minor children." Ms. Jackson was given domiciliary custody and Mr. Harris was given physical custody during specified times of the year. Louisiana

4

Revised Statute 9:335(B)(2) governs joint custody decrees and provides, in relevant part:

> The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.

Louisiana Civil Code Article 136(A) provides, in relevant part:

> *A parent not granted custody or joint custody* of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.

In the present case, since both parents were given *joint custody*, La.Civ.Code art. 136(A) is inapplicable and Ms. Jackson must prove that a continuation of the present custody is so deleterious to the children as to justify a modification of the custody order. *Bergeron*, 492 So.2d 1193; *Desoto v. Desoto*, 04-1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175; *Francois v. Leon*, 02-0460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109. This burden of proof, articulated in *Bergeron,* 492 So.2d at 1200, was designed to "protect children from the detrimental effects of too liberal standards in custody change cases." Under *Bergeron* , in order to justify a modification in custody "the showing of overall or net benefit to the child must be clear." *Id*. *See also Newcomb v. Newcomb*, 01-1530 (La.App. 3 Cir. 3/6/02), 810 So.2d 1269.

We find Ms. Jackson has failed to meet her burden under any standard of proof. Ms. Jackson is designated as the domiciliary parent in the custody order. She has custody of the children during the entire school year. Although Mr. Harris is allowed weekend visitation, as a practical matter, the only opportunity Mr. Harris has to spend substantial time with his children is during the summer months in Louisiana. Mr. Harris is not in a financial position to fly or drive to Chicago on a regular basis. He has a lawn service business and often works six or seven days a week. Ms. Jackson's move to Chicago virtually foreclosed any opportunity for the children to have regular

interaction with their father. Now, Ms. Jackson is seeking to further reduce Mr. Harris' physical custody of his children. Her only justification for seeking the change is to allow for physician appointments prior to school. However, as noted by the trial court, had Ms. Jackson communicated with Mr. Harris, these appointments and other necessary school preparations could have been accomplished in Louisiana prior to the start of school.

Ms. Jackson is also seeking another modification. She requests weekend visitation during the summer when she is in Louisiana because "I just wanted it [the custody order] to say exactly what it said for him." The trial court concluded Ms. Jackson's request for weekend visitation was not based on any change in circumstance or even the best interest of the children; it was rather based on her animosity toward Mr. Harris. The trial court summarized her testimony: "She just said I want it if he's got it." The court found, and we agree, this is not justification enough to modify a consent custody decree.

The trial court heard the testimony and observed the demeanor of both parties. The trial court's factual findings are afforded vast discretion and its determinations will not be overturned absent a clear showing of abuse of discretion. *Francois v. Leon*, 02-0460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109; *Muller v. Muller,* 94-281(La.App. 3 Cir. 10/5/94), 643 So.2d 478. We have reviewed the record and find no error in the trial court's evaluation of the situation between the parties and circumstances which brought these parties back to court. We have also reviewed the Joint Custody Implementation Order and find, as did the trial court, that Ms. Jackson has failed to carry her burden of proving the current custody provisions are so detrimental to the welfare of the children as to warrant a modification. Accordingly, we affirm the decision of the trial court.

**DECREE**

6

Based on the foregoing review of the record, we affirm the decision of the trial court. All costs of this appeal are assessed to Leslie Moran Jackson.

**AFFIRMED.**