PETER DURIS,
v.
INGE JEPSEN DURIS.
No. 2009 CA 1628.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication.
JAMES E. MOORMAN, III, KASI BRANNAN, Covington, LA, Counsel for Plaintiff/Appellant Peter Duris.
SCOTT P. GASPARD, TARA M. JACOB-CAIN, Baton Rouge, LA, Counsel for Defendant/Appellee, Inge Jepsen Duris.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
This is an appeal of a final judgment partitioning the former community property of Peter Duris and Inge Jepsen Duris, whose marriage was terminated by a judgment of divorce signed December 8, 2004. The trial court appointed an expert to render a report dividing the assets of the former community. Mr. Duris objected to the final report rendered by the expert, but the trial court denied the objections and issued a judgment on October 15, 2007, adopting the expert's final report. Mr. Duris appealed the October 15, 2007 judgment, which was determined to be an interlocutory ruling, but in the interest of judicial efficiency, a panel of this court granted a writ of certiorari to review the judgment. On supervisory review of the matter, the panel found no abuse of discretion or manifest error in the trial court's denial of Mr. Duris's objection and adoption of the expert's final report. Thus, this court affirmed the October 15, 2007 judgment. Duris v. Duris, 08-0526 (La. App. 1st Cir. 12/4/08)(unpublished opinion).
Following this court's affirmance of the October 15, 2007 judgment, Ms. Duris filed a rule wherein she prayed, in part, that the trial court would "sign the judgment submitted contemporaneously with this motion as its judicial partition of the parties' former community property in accord with its adoption of the Court's expert's report."[1] On April 3, 2009, the trial court signed the partition judgment Ms. Duris submitted with the rule, despite having issued a show cause order setting the rule for a contradictory hearing on May 18, 2009.
Mr. Duris appeals the April 3, 2009 judgment, again asserting that the trial court erred in adopting the report of the expert appointed by the court to partition the parties' former community property. As this same assertion was previously presented to and decided by this court, we find that our review of this assertion is precluded by application of the law of the case doctrine. As explained in Spine Diagnostics Center of Baton Rouge, Inc. v. Louisiana State Board of Nursing ex rel. Louisiana Department of Health and Hospitals, 08-0813, p. 9 (La. App. 1st Cir. 12/23/08), 4 So. 3d 854, 861, writs denied, 09-0144, 09-0188 (La. 4/13/09), 5 So. 3d 163 (quoting Louisiana Land and Exploration Company v. Verdin, 95-2579, pp. 3-4 (La. App. 1st Cir. 9/27/96), 681 So. 2d 63, 65, writ denied. 96-2629 (La. 12/13/96), 692 So. 2d 1067, cert. denied. 520 U.S. 1212, 117 S.Ct 1696, 137 L.Ed.2d 822(1997)):
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge's ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. Re-argument in the same case of a previously decided point will be barred where there is simply a doubt as to the correctness of the earlier ruling. However, the law of the case principle is not applied in cases of palpable error or where, if the law of the case were applied, manifest injustice would occur.
The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue.
When an appellate court considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered usually becomes the law of the case, foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. However, where a prior disposition is clearly erroneous and will create a grave injustice, it should be reconsidered.
Finding no error in the previous decision of this court, we decline to review this issue.
Furthermore, we find no merit in Mr. Duris's second contention that the trial court erred in signing the April 3, 2009 partition judgment when a show cause hearing was pending pertaining to the signing of the judgment.
A court may grant an ex parte order without hearing the adverse party when the order applied for by written motion is one to which the mover is clearly entitled without supporting proof. La. C.C.P. art. 963.
As previously discussed, in the October 15, 2007 judgment, the trial court determined that the parties' former community property should be partitioned in accordance with the findings made by the court appointed expert. While affirming that determination in the prior opinion, this court observed that the judgment was interlocutory because it lacked decretal language and failed to identify precisely what property was awarded to which party, without reference to an extrinsic source. Duris, 08-0526 at 3.In light of this court's observation, Ms. Duris presented the trial court with a partition judgment with proper decretal language. Hence, the April 3, 2009 judgment was simply a correction of the October 15, 2007 judgment rendered in a form sufficient to constitute a valid final judgment in that it recites specifically the property partitioned and to whom the property is partitioned based on the expert's final report, rather than simply referring to the expert's final report as being adopted by the court. Moreover, as submission of the judgment to opposing counsel for approval is not required under the Louisiana Code of Civil Procedure, the trial court's ex parte signing of the April 3, 2009 judgment, despite the scheduled show cause hearing pertaining to the same, cannot be considered as error or as being prejudicial to Mr. Duris. See Barnes v. L.M. Massey, 612 So. 2d 120, 123 (La. App. 1st Cir. 1992), writ denied, 614 So. 2d 81 (La. 1993); Muller v. Muller, 94-281, pp. 4-6 (La. App. 3d Cir. 10/5/94), 643 So. 2d 478, 481-82. Thus, we reject this second contention of error raised by Mr. Duris on appeal.
Therefore, based on our rejection of these two arguments asserted by Mr. Duris on appeal and otherwise finding no error in the April 3, 2009 judgment, we affirm. All costs of this appeal are assessed to the appellant, Peter Duris.
AFFIRMED.
NOTES
[1] Ms. Duris also filed a rule for contempt of court in the same pleading.