AMY, J.,
concurring in the result.
Ill write separately in this case as I differ from the lead opinion in my appreciation of the evidence in light of the Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) standard.
*559 In my opinion, the trial court correctly considered this case as a modification of a considered custody decree, one which included an award of joint custody and a physical custody schedule. Any modification of this order required that the Berger-on standard be met, including any changes in that schedule. See Granger v. Granger, 09-272 (La.App. 3 Cir. 11/10/09), 25 So.3d 162, writ denied, 09-2687 (La.12/18/09), 23 So.3d 941. Jackson v. Harris, 05-604 (La.App. 3 Cir. 12/30/05), 918 So.2d 1163; Cedotal v. Cedotal, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433; DeSoto v. DeSoto, 04-1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175; Francois v. Leon, 02-460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109; Lee v. Lee, 34,025 (La.App. 2 Cir. 8/25/00), 766 So.2d 723, writ denied, 00-2680 (La.11/13/00), 774 So.2d 150 (citing Davenport v. Manning, 95-2349 (La.App. 4 Cir. 6/5/96), 675 So.2d 1230).
Rather than the approach suggested in the lead opinion, I find that the record supports a determination that Ms. Edwards met the Bergeron standard as the continuation of the physical custody schedule was so deleterious to the children as to justify a modification. The physical custody schedule simply proved unworkable 12after Ms. Edwards relocated to Oregon. I also find that the record supports a determination that any harm likely caused by the change in environment to afford Ms. Edwards a more concentrated period of physical custody, in keeping with her location, is substantially outweighed by advantages to the children since they would have more consistent contact with their mother.
However, in my view, the trial court erred in determining that a change of domiciliary parent was appropriate or supported by the evidence. Neither do I find support for the trial court’s relocation of the children to Oregon. Instead, the trial court’s objectives should have been reached by a physical custody schedule maintaining the children in their father’s home during the school year and with their mother during the summer. Accordingly, I join in the lead opinion’s recasting of the physical custody schedule.
For these reasons, I concur in the result.