459 So.2d 646 (1984)
Mildred M. SMITH
v.
Wade M. SMITH.
No. CA 1492.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
F. Smith Knobloch, Knobloch & Knobloch, Thibodaux, for plaintiff.
Dudley D. Flanders, New Orleans, for defendant.
Before REDMANN, C.J., and KLEES and CIACCIO, JJ.
REDMANN, Chief Judge.
A mother's appeal challenges a child custody judgment that increased the father's time with his two young sons during the summer from three weeks to about two months (except for alternate weekends during those two months, when the mother would have the children). (Under both the new and the old judgments, the father also visits with the boys on alternate weekends during the rest of the year, when the mother has custody.) The judgment now appealed also provided, for the first time, that *647 the younger son (three years old at date of judgment) is to spend certain holidays with the father, as the older son (then six) was already doing.
The mother argues that the judgment errs by decreeing "joint custody" when the parties had earlier "agreed" to sole custody in the mother; by failing to find sole custody by herself to be for the children's best interest; and, if joint custody be otherwise correct, by failing to allocate parental authority for the children's education and health needs.
We amend to specify that the mother, who has the children's physical custody during the school year and therefore for the much greater part of the year, has ultimate authority, in case of disagreement, both as to the education and the major medical treatment of the children.
We first observe that prior Louisiana law did not permit joint custody but gave custody to one parent alone, with the other afforded only reasonable visitation. A visitation award that exceeded a reasonable amount was held tantamount to part time or divided custody and therefore impermissible; Pierce v. Pierce, 213 La. 475, 35 So.2d 22 (La.1948); LeBouef v. LeBouef, 325 So.2d 290 (La.App. 4 Cir.1975); Litton v. Litton, 299 So.2d 458 (La.App. 2 Cir. 1974). Louisiana courts were first authorized to award joint custody, though only by consent of the parents, by La.Acts 1981 No. 283, amending La.C.C. 146 and 157. Acts 1982 No. 307 again amended those articles to establish joint custody in place of one-parent custody as the preferred custody award in Louisiana, in "all" cases of custody or change of custody.
Art. 157 provides that in all cases of "change" of custody, permanent custody is to be granted in accordance with art. 146 (governing custody pendente lite). As of trial time, Art. 146 C provided a presumption favoring joint custody, unless (among other things) the parents "have agreed to an award of custody to one parent or so agree in open court...." (This language was amended by Acts 1983 No. 695 to read simply "the parents may agree to an award of custody to one parent.") The mother argues that in the earlier custody proceedings in this matter the father had agreed to the award of custody to the mother by consent judgment, and therefore there is no presumption in favor of joint custody in this case. But the latest of the earlier custody proceedings was in April 1981, before the introduction of joint custody into our law. It would be unfair to hold this father not entitled to the presumption favoring joint custody on a theory that he had waived it before joint custody ever became legally possible. For an "agreement" to amount to a waiver, there must be some other choice than agreement: and there never was, in Louisiana before 1981, the possibility of any other custody than custody in one parent. Our conclusion is that the presumption in favor of joint custody was not precluded under the 1982 version of C.C. 146 C(1) by one parent's having consented to the other's having custody at a time when the law did not provide joint custody.
The mother's argument that the children's best interests would be served by giving her sole custody is to some extent an argument against the wisdom (not the constitutionality) of the joint custody legislation itselfa legislative question courts have no authority to decide, La. Const. art. 2 § 2.
The mother correctly, Turner v. Turner, 455 So.2d 1374 (La.1984), asserts that the amended art. 146 establishes only a rebuttable presumption that joint custody is in the best interest of the child, and that that presumption is overcome by evidence to its contrary. But we believe the trial judge also correctly understood this. His oral remarks concluded, "whatever I do, it will be what I believe is for the best interest of these two children ...." His written reasons conclude "that in this case, joint custody of the minors is in their best interest." *648 These are not the expressions of a judge who mistakenly believes himself bound in every case to order joint custody.
The mother does argue that foibles, failings and deficiencies of the father make him unsuitable to have custody. One might conclude that the father is not an ideal parent, perhaps not close to ideal; but few if any parents are. The father's defects, however, are not so spectacular as to deprive the trial judge of discretion to allow him more extensive visitation or partial custody. Indeed, as we have noted, the abstract term "joint custody" in the concrete of this case means primary responsibility for the children, during the longest "visitation" or "custody" period, for about eight weeks (less every other weekend) instead of threean increase for that period from 21 days to a total of about 50. We simply cannot say that the trial judge abused his discretion, or was clearly wrong, in this aspect of the judgment. Moreover, the decree can always be amended if experience shows that spending most of the summer with the father causes problemsor even in order to allow the mother to have a summer vacation with the children.
The trial court's judgment does omit a provision for resolution of any disagreement as to the children's schooling and major medical treatment. As in Plemer v. Plemer, 436 So.2d 1348 (La.App. 4 Cir. 1983), we give the ultimate decision on major medical treatment to the parent who has the majority of the custody. We also amend to give the mother, who has custody of the children during the school year and who must primarily help them with their homework and work with the school teachers and staff, the final decision on the children's education.
The judgment appealed from is amended to add that the mother has the final authority, in case of disagreement, on major medical treatment and education of the children. It is otherwise affirmed.