559 So.2d 48 (1990)
Mildred M. SMITH
v.
Wade M. SMITH.
No. 89-CA-1625.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
*49 A. Scott Tillery, Tillery & Tillery, Chalmette, for plaintiff/appellee.
Mary Beoubay Petruccelli, Tracy Ann Petruecelli, Chalmette, for defendant/appellant.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Wade Smith and Mildred Smith were separated in 1979 and divorced in 1981. By consent the mother had custody of the two minor children, Patrick and Timothy. In 1983 custody was changed from sole to joint. However, the mother retained custody of the children during the school year and the right to make decisions regarding the children's education and medical care. The father has custody during the summer vacation period. Smith v. Smith, 459 So.2d 646 (La.App. 4 Cir.1984). In 1985 the parties signed a consent judgment affirming the substance of the court's decree, with only minor modifications. In 1987, Wade Smith filed a Rule to Change Custody, asking to be made primary domiciliary parent for Patrick, then eleven years old. This Rule was denied. In 1989, Wade Smith filed a second Rule to Change Custody, again requesting custody of Patrick, and a psychological examination of both parents and children. Mildred Smith responded with a rule to limit Wade's telephone calls and to prevent him from pressuring the children to live with him and encouraging them to disobey her. The trial court, after an extensive hearing, denied Wade Smith's rule for change in custody, granted Mildred Smith's rule to limit the telephone calls to one per week, and prohibited her from tape-recording the calls. Wade Smith has appealed. Mildred Smith has not appealed or answered the appeal.
There are three issues on appeal: whether the trial court erred in denying a modification of a joint custody decree, whether it erred in ordering that the father's telephone calls to the children be limited to once a week, and in failing to rule on the question of a psychological evaluation.
The best interest of the child is the primary criterion to be met in awarding or modifying custody under La.C.C. art. 146. Bergeron v. Bergeron, 492 So.2d 1193, 1201 (La. 1986). In order to modify a considered judgment of custody, the mover must show that a change in circumstances has occurred since the prior order which materially effects the welfare of the child or children. Bergeron, supra, at 1195, 1200. The reason for this rule is that it is desirable for litigation between the parents to cease and undesirable to change the living situation of the child. Id. The modification of custody places a heavy burden of proof on the party seeking the change. That party must prove that "the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed." Bergeron, supra, at 1196, 1200. The standard of appellate review of decisions concerning the modification of custody agreements is to afford great weight to the determination of the trial judge, and not to disturb his or her discretion absent a clear showing of abuse. Id.
Wade Smith presented evidence that the children's grades were lower in the current school quarter and that both children desired to live with their father. Mildred Smith presented evidence of a stable home environment, of help provided to the children with their homework, and of counselling provided to the children at their school. The evidence suggested that Patrick's desire to go live with his father might have caused some interference with his ability to perform well in school. It also showed that Timothy was presently in fourth grade and that it was normal for grades to drop whether a child moved from the third grade which was self-contained to fourth grade which was departmentalized.
A child's preference to live with a different parent is not, of itself, a material change of circumstances affecting the child's welfare. Bergeron, supra, at 1203. *50 The low grades of Patrick are a problem, but one that the mother and the present school are working to deal with. There is no evidence to show that a change of schools and custodial parent would cause Patrick's grades to go up. Thus Wade Smith has not met his burden of proof to show that the present custody is so deleterious to the children as to justify moving them. A stable environment is an important factor in determining custody. "A change from a stable environment should not be made absent a compelling reason." Bailey v. Bailey, 527 So.2d 1030, 1033 (La. App. 2 Cir.), writ denied 528 So.2d 565 (La.1988). The trial judge did not abuse his discretion in denying the Rule for Change of Custody. Bergeron, supra, at 1196, 1200; Lauga v. Lauga, 537 So.2d 758, 762 (La.App. 4 Cir. 1989).
The second issue on appeal is whether the trial court erred in limiting the father's telephone calls to the children to once a week. Evidence was presented which included transcripts of calls in which the father asked the children if they wanted to come live with him and asked about whether they were experiencing conflict with their mother. This evidence does not show that such telephone calls were causing harm to the children. On the contrary, it was shown that the boys frequently went out to a pay phone to call their father, because they wanted to talk to him and because the calls from home were restricted and usually tape-recorded. The best interest of the children lies in open communication with both parents. However, we do not condone Wade Smith's constantly telling his children that they should live with him. This causes unnecessary dissension and detracts from the stability and tranquility of the children's home with their mother.
With this caveat, we reverse on this issue and order a reinstatement of the 1985 consent judgment which allowed both parents to call the children at any time between 7:00 p.m. and 8:30 p.m. on Tuesdays, Thursdays, and Sundays.
The third issue is the request for a psychological evaluation. Under La.C.C. art. 146(H) a psychological evaluation may be ordered on the motion of either party. Godchaux v. Godchaux, 488 So.2d 1230, 1232 (La.App. 4 Cir.1986). Wade Smith clearly moved for such in his Rule. However, the trial court did not render a decision this issue. Therefore, we must remand to the trial court for consideration of whether a psychological examination of the parties should be ordered. In the event that the trial court orders an evaluation and the results of that evaluation indicate a reason for modification or alteration of the custody decree, the trial court may on its own motion, or one of the parties may move to reopen the custody proceedings for readjudication.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.