# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-272**

**TOMMIE MACK GRANGER**

**VERSUS**

**STEPHANIE W. GRANGER**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,383
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED IN PART. REVERSED IN PART AND REMANDED.**

**Thibodeaux, Chief Judge, dissents and assigns written reasons.**

Richard E. Lee
810 Main Street
Pineville, LA 71360
(318) 448-1391
COUNSEL FOR PLAINTIFF/APPELLEE:
Tommie Mack Granger

Henry H. Lemoine, Jr.
Lemoine & Wampler
607 Main Street
Pineville, LA 71360
(318) 473-4220
COUNSEL FOR DEFENDANT/APPELLANT:
Stephanie W. Granger

AMY, Judge.

The parties were awarded joint custody of their minor child by a considered decree. The mother was named as the domiciliary parent. Thereafter, the father requested a change in the physical custody schedule as, he contended, the physical custody schedule was unworkable. The trial court found in favor of the father, modifying a portion of the physical custody schedule. The mother appeals. For the following reason, we affirm.

## Factual and Procedural Background

The parties, Dr. Tommie Granger and Dr. Stephanie Barnes, were awarded joint custody of their minor daughter, Savannah, by an August 2000 considered decree. The decree named Dr. Barnes as the domiciliary parent. At that time, Dr. Barnes resided in Little Rock, Arkansas with Savannah, while Dr. Granger resided in Alexandria, Louisiana.

The plan implementing the joint custody provided that Dr. Granger would have physical custody of the minor child every other weekend from Wednesday to Sunday. It prohibited Dr. Granger from removing Savannah from Little Rock until after school on Fridays. During the summer, Dr. Granger had physical custody from the beginning of the summer school break until ten days before the start of school. Dr. Barnes had physical custody every other weekend from Wednesday to Sunday.

By 2002, Dr. Granger began seeking a modification of the considered decree and a reduction in child support. By that time, Dr. Barnes and Savannah had relocated to Shreveport, Louisiana. After a number of continuances and after attempts at mediation, a hearing on the modification of the physical custody decree was eventually held in December 2008 and, thereafter, the trial court rendered a new decree. The decree maintained the parties' joint custody status and, again, designated

Dr. Barnes as the domiciliary parent. However, it shortened Dr. Granger's period of physical custody during the school year to Friday after school until Sunday at 6:00 p.m. It lengthened Dr. Granger's periods of summer physical custody from the end of the school term until five days prior to the beginning of the fall semester. As for the summer, Dr. Barnes was given physical custody every other weekend from 5:00 p.m. on Friday until Sunday at 6:00 p.m.

The trial court also reduced Dr. Granger's child support obligation by fifty percent during the summer when he was exercising physical custody.

Dr. Barnes appeals, assigning the following as error:

1.  The trial court erred in modifying the visitation schedule of the minor child.

2.  The trial court erred in failing to address visitation during the beginning and end of the summer time.

3.  The trial court erred in setting the time for transfer of custody at 6:00 p.m.

4.  The trial court erred in reducing the child support obligation.

**Discussion**

*Modification*

Dr. Barnes first questions the trial court's modification of the existing physical custody arrangement. It is important to note that, throughout this proceeding, the parties have referred to the matter submitted to the court as a request for change in visitation. In fact, in her brief to this court, Dr. Barnes states that, since Dr. Granger "is attempting to modify visitation alone, the applicable standard is the best interest of the child."

Yet, the parties shared joint custody in this case and, therefore, visitation is not at issue. *See* La.Civ.Code art. 136, which provides for visitation only in the event a

2

parent does not have custody or joint custody.[1]  Instead, Dr. Granger sought a

modification of the schedule of joint physical custody instituted pursuant to La.R.S.

9:335.[2]  Therefore, this case must be considered as a modification of custody.  *See*

*Jackson v. Harris*, 05-604 (La.App. 3 Cir. 12/30/05), 918 So.2d 1163; *Cedotal v.*

*Cedotal*, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433; *DeSoto v. DeSoto*, 04-

1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175; *Francois v. Leon*, 02-460 (La.App. 3

Cir. 11/27/02), 834 So.2d 1109; *Lee v. Lee*, 34,025 (La.App. 2 Cir. 8/25/00), 766

So.2d 723, *writ denied*, 00-2680 (La. 11/13/00), 774 So.2d 150 (citing *Davenport v.*

*Manning*, 95-2349 (La.App. 4 Cir. 6/5/96), 675 So.2d 1230).

The best interest of the child is the paramount consideration in a custody

matter.  *See* La.Civ.Code art. 131.[3]  However, because Dr. Granger sought a

modification of a considered decree, he was required to satisfy the further

jurisprudential standard of *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986).

*Bergeron* requires the party seeking a change in custody to prove that the

---

[1] Louisiana Civil Code Article 136 provides:

      A.     A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would not be in the best interest of the child.

[2] Louisiana Revised Statutes 9:335 provides:

      A.    (1)    In a proceeding in which joint custody is decree, the court shall render a joint custody implementation order except for good cause shown.

      (2)(a)  The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.

      (b)    To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.

      (3)    The implementation order shall allocate the legal authority and responsibility of the parents.

[3] Article 131 provides that: "In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child."

continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. *Id.* *See also* La.Civ.Code art. 131, comment (d).[4] A trial court's determination in child custody matters is entitled to great weight, and will not be disturbed on review in the absence of a clear showing of abuse of discretion. *AEB v. JBE*, 99-2668 (La. 11/30/99), 752 So.2d 756.

As the trial court did not render written or verbal reasons for its ruling, it is unclear what standard it applied in its determination to modify the physical custody schedule. However, our review of the record indicates that the trial court's ruling is not an abuse of its discretion as the evidence supports a modification of the original, considered decree under the *Bergeron* standard. In particular, the record contains clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

The *Bergeron* requirements must be considered in light of the circumstances of this case and the minimal changes requested by Dr. Granger. First, it is clear that certain aspects of the original custody decree were no longer working for the parties and that, although they had been living under the original decree, they were only

---

[4] With regard to Article 131, comment (d) indicates that:

This Article should be followed in actions to change custody as well as in those to initially set it. An additional, jurisprudential requirement is imposed in actions to change custody decisions rendered in considered decrees, however. In such actions the proponent of change must show that a change of circumstances has occurred such that "the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or . . . that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." Bergeron v. Bergeron, 492 So.2d 1183, 1200 (La.1986). Accord: Smith v. Smith, 559 So.2d 48 (La.App. 4th Cir. 1990). This burden of proof is imposed by the jurisprudence as a means of implementing the best interest standard in light of the special considerations present in change of custody cases.

doing so with a great deal of stress and a certain degree of flexibility. That flexibility, or perceived lack thereof at certain times, caused friction between the parties. Further, the parties were aware of the need to reach a mutually agreeable schedule as they previously appeared in court and worked in mediation. However, they had been unable to do so. The trial court recognized this, stating that "nothing has worked, and that's why we're here today." Finally, the modifications of the original decree requested by Dr. Granger, and imposed by the trial court, were limited in the scheme of the entire custody arrangement, i.e., the father was granted lengthier periods of physical custody in the summer, but was granted fewer days of custody during the school year. Although the trial court rendered a new order, the remaining custody terms were essentially unchanged.

In light of the geographical distance between the parties at the time of the original custody decree, the original decree gave Dr. Granger physical custody on the weekends from Wednesday through Sunday. Presently, however, since Savannah is now a teenager attending school in Shreveport, and Dr. Granger lives in Alexandria, Dr. Granger explained that he does not currently exercise the weekday portion of this period of custody during the school year. Instead, he only has Savannah on the weekends during that time. Accordingly, the trial court eliminated the Wednesday and Thursday portion of physical custody during the school year and provided a greater period during the summer. While Dr. Barnes does not complain about that portion of the trial court's order which now provides her with greater custody during the school year, these two components of the new physical custody schedule cannot be viewed in isolation.

5

The trial court's remarks during the hearing indicate that it considered the change in order to provide Dr. Granger with a better opportunity to exercise physical custody and, hopefully, better his relationship with Savannah. Much of Dr. Barnes's argument focuses on her assertion that the original custody arrangement offers greater flexibility for the parties. In fact, Savannah testified about her desire for greater flexibility in her summer schedule so that she could participate in activities as desired. However, there is no abuse of discretion in determining that Savannah's preference of moving between parents depending on her activities schedule, and notwithstanding the court's custody decree, was secondary to the obligation to provide the parents with a reasonable opportunity in which they could supervise and direct the child as they saw fit. Furthermore, Savannah testified that she wanted a better relationship with her father. In fact, the trial court previously ordered that both Savannah and Dr. Granger undergo counseling to deal their relationship issues. It was not an abuse of discretion for the trial court to conclude that the modified plan would permit Dr. Granger to better exercise his periods of physical custody and improve his ability to parent Savannah. Accordingly, the record contains clear and convincing evidence that any harm from the modified schedule is substantially outweighed by its advantages.

This assignment lacks merit.

*Schedule*

Neither do we find merit in Dr. Barnes's assertion that the trial court abused its discretion in setting the time for the transfer of custody at 6:00 p.m. instead of her preferred time of 4:00 p.m. Although she contends that this time period causes difficulty, there is no evidence indicating that this transfer time is so inconvenient to

either party that it was an abuse of discretion. Finally, Dr. Barnes's request that the trial court alter certain aspects of the summer schedule in the original custody decree is rendered moot by the above affirmation of the modified custody schedule.

*Child Support*

We do, however, find merit in Dr. Barnes's contention that the trial court erroneously reduced Dr. Granger's child support by fifty percent during the summer months when he has physical custody. Review of the record indicates that this matter was not before the court on the date of the hearing. Rather, Dr. Granger's attorney and the trial court each clarified at the hearing that child support was not at issue on that date. Neither was evidence taken nor argument heard on the support issue on the date of the hearing. Accordingly, we reverse that portion of the trial court's judgment addressing child support and remand for further proceedings on this issue.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed insofar as it establishes the shared physical custody schedule between the parties. The judgment is reversed, however, insofar as it reduced the child support owed by Tommie Mack Granger during the summer period when he had physical custody of the minor child. Costs of this proceeding are assessed equally between the appellant, Stephanie W. Granger Barnes, and the appellee, Tommie Mack Granger. This matter is remanded for further proceedings.

**AFFIRMED IN PART. REVERSED IN PART AND REMANDED.**

7

TOMMIE MACK GRANGER

VERSUS

STEPHANIE W. GRANGER

**THIBODEAUX, Chief Judge, dissenting in part.**

I agree with the majority's reversal of the judgment addressing child support. I disagree with the remainder of the majority's opinion.

The majority's analytical approach is flawed. Treating this case as one involving custody and not visitation is incorrect. Visitation *is* the issue, not custody. All parties agree to this. *Parental fitness* to which *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), applies is not an issue between Dr. Barnes and Dr. Granger, and neither is attempting to modify the previous joint custody implementation order with respect to physical *custody*.

It is correct that La.Civ.Code art. 136 refers to visitation where a parent does not have custody or joint custody. Article 136, however, is meant to address *entitlement* to visitation. One's entitlement to visitation does not necessarily foreclose *any* consideration of visitation pursuant to La.R.S. 9:335 which may encompass the *extent* of visitation where joint custody exists, as here. Visitation is a component of a joint custody implementation order under La.R.S. 9:335. If the majority's rationale is followed, then every conceivable deviation would result in a renewed custody determination implicating different standards of review, depending upon whether the initial custody decree was a considered decree or a stipulated

judgment. For example, a change in a weekend visitation schedule or even a one hour visitation schedule would be regarded as a custody issue. Thus, in my view, La.R.S. 9:335 applies to a change in a visitation schedule where the issue of fitness is irrelevant to its determination.

Granger testified that the schedule that had been in place since August 2000 "has a lot of gray areas, and it's caused a lot of confusion and problems." He wants the visitation to be changed to conform with what he understands to be the generally prevailing schedule in Louisiana since Barnes had moved back to the state. Granger argued that Savannah had many activities she was involved in during the summer in Alexandria and the new schedule would be more convenient for Savannah.

Barnes contends that the present schedule has been in place since August of 2000 and the best interest of Savannah would be to maintain that schedule. Both parents testified that they are flexible with the visitation schedule. Savannah's testimony clearly articulated that she wanted the schedule to remain the same because of its "flexibility."

Flexibility would be lost, according to Savannah, if the summer visitation schedule was modified. Savannah stated that if there are activities being held in Alexandria, then her mother would forfeit her visitation and allow Savannah to remain with her father. Conversely, when Savannah wanted to remain for an extended time with Barnes during Granger's time of visitation she would not be allowed. She testified that Granger's "time is going to be his time" and her father would not permit her to stay in Shreveport any longer than she is entitled to, even if Savannah may have certain scheduled activities.

Savannah's testimony, though not determinative, is impressive. When deciding how much weight is to be given to a minor child's testimony, this court has

2

observed that "competency and maturity, not age, are the true determining factors." *Bandy v. Bandy*, 07-849, p. 14 (La.App. 3 Cir. 12/5/07), 971 So.2d 456, 465. Savannah's level of maturity and competency are well-reflected in the record. Journal entries written by Savannah about her relationship with Granger and the articulate nature of her testimony manifest that maturity. Although a child's testimony is usually not given a lot of emphasis, I feel that under these circumstances and with the court's observation of Savannah as an "excellent student," the appropriate level of maturity and competency was reached.

A trial court's findings will be given deference as long as the record suggests that its conclusions were reasonable. The record did not support the trial judge's findings that Granger proved by a preponderance of the evidence that a change in the summer visitation schedule was in the best interest of the child. I would reverse this change in the summer visitation schedule.

### *Change in Transfer Time*

The second issue focuses on the change of transfer time to 6:00 p.m. To determine the correctness of the trial court's judgment, this court has to decide whether the trial judge abused his discretion in setting this transfer time.

Barnes argues that although she moved back to Louisiana, she still resides in Shreveport which has a two-hour travel time to Alexandria where Granger resides. According to Barnes, the appropriate time for transfer of Savannah should be 4:00 p.m. to allow travel time between Alexandria and Shreveport. Moreover, Barnes argues that each party typically has other minor children in their home, and the 6:00 p.m. transfer time does not allow them to coordinate their respective children's schedules.

The trial court should have taken into consideration the geographical distance between the two parties' homes when setting the new transfer time. If this time was followed, Savannah and the traveling parent would not arrive home until 8:00 p.m. at the earliest. The trial court abused its discretion and I would reverse this portion of the judgment.

For the foregoing reasons, I respectfully dissent.