STEPHEN J. WINDHORST, Judge.
|gIn this appeal, plaintiff, Meghan Duhe, appeals from the trial court’s considered judgment finding that an extrajudicial agreement made by the parties concerning their child’s schooling was enforceable. We reverse the decision of the trial court and, after a de mvo review, find that defendant, Patrick O’Donnell, Jr., did not bear his burden of proving that attending a public school is in the best interest of the minor child.
PROCEDURAL HISTORY AND FACTS
The parties are parents to one child, who was born on November 18, 2009. The parties initially shared custody; however *457 the child resided primarily with the mother, Meghan Duhe.
On April 4, 2014, Ms. Duhe fíled a Petition for Custody and Child Support in the 23rd Judicial District Court for the Parish of St. James, seeking joint custody and that she be named the primary domiciliary parent. The matter was set for hearing on July 14, 2014, and on that date, outside of the presence of the court; the parties entered into an agreement for visitation. The agreement further provides that the child .“shall attend St. Peters in Reserve for PK-4 only”- and that she will |/attend public school after PK-4.” The agreement was hand-written and signed by both parents.
On-August 12, 2014, the trial-court signed an order transferring venue to the 40th Judicial District Court for the Parish of St. John the Baptist. Thereafter the father, Patrick O’Donnell, Jr., filed a- Motion to Establish Shared Custody, Visitation Schedule, and Child Support.
On November 21, 2014, the parties entered into a consent judgment for child support and holiday visitation. The parties agreed to a custody evaluation with the court-appointed expert, Dr. Danny Roussel.
After conducting the evaluation, Dr. Roussel made findings and recommendations, which included, the following. He recommended that the parties have joint custody, with Ms. Duhe as the primary domiciliary parent. Both parents should communicate and participate in the child’s medical, social, emotional, religious, and educational progression. However, if after consulting with each other, the parties were unable to decide an issue, Ms. Duhe was to make the final decision. Finally, the recommendations should be reviewed in 12 months to assist with adjustment and change.
On March 20, . 2015, the trial court entered an interim consent order that adopted the report of Dr. Roussel. The order further provided that the matter would be reviewed at the end of the 2015-2016 school year, and that the parties would submit a formal parenting plan into the record.
On July 15, 2015, Mr. O’Donnell filed an Expedited Rule to Determine School Minor Child Attends & for Sanctions, Attorney Fees and Court Costs. - In, his pleading, Mr. O’Donnell asserted that Ms. Duhe wished to -send the child to St. Peters Catholic School for the 2015-2016 school year, despite their agreement that the child was to attend public school. On August 6, 2015, the trial court rendered | ¿.judgment finding that the agreement between the parties was binding and that the child would attend public school for the 2015-2016 school year. Mr. O’Donnell’s motion for sanctions, attorney’s fees and costs was denied.
Ms. Duhe appeals from the trial court’s ruling finding that the agreement of July 14, 2014 was enforceable. Mr. O’Donnell did not appeal in the trial court, and he did not file an answer in this Court.
DISCUSSION
On appeal, Ms. Duhe argues that the trial court committed legal error in failing to apply the requirements of La. R.S. 9:335B to this case, and in failing to determine whether attending St. Peters Catholic School was not in the best interests of the child, given the statutory presumptions in favor of decisions by the domiciliary parent pursuant to La. R.S. 9-.335B, and Mr. O’Donnell’s lack of evidence on the issue.
La. R.S. 9:335, sections A and B, provides:
A. (1) In a proceeding in which joint custody is decreed, the court shall ren *458 der a joint custody implementation order except for good cause shown.
(2) (a) The implementation order shall allocate1 the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible, and in the best interest- of the child, physical custody of the children should be shared, equally.
(3) The implementation order shall allocate the legal authority and responsibility of the parents.
B. (1) In a decree of joint custody the court shall designate a domiciliary parent except whenfhere is an implementation order to the contrary or for other good cause shown.
(2) The' domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure, that the child has frequent and continuing contact with both parents.
(3) The domiciliary parent , shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court |Kupon motion of the other parent.' It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child. (Emphasis added.)
Ms. Duhe argues that the extrajudicial agreement between the parties concerning the child’s school is not binding on the parties because there is an intervening consent judgment. Ms. Duhe argues that the parties cannot agree on the issue of which-■ school the child shall attend, .and therefore, pursuant to La.' R.S. 9:335B and the interim consent judgment rendered on March 20, 2015, she was to make the final decision. Thus, Mr. O’Donnell bore the burden of proving that attendance at St. Peters Catholic School, was not in the best interest of the .child pursuant to La. R.S. 9:335B. Ms. Duhe asserts that the trial court’s failure to apply La. R.S. 9:335B to this case warrants a de novo, review by this court.
Mr. O’Donnell responds that the trial court did not commit legal error and therefore this case is subject to a manifest error standard of review. He argues that La. R.S. 9:335B is not applicable as this was a joint decision by both parents, as evidenced by both their signatures on the agreement, and that Ms. Duhe bore the burden of proving that. attending public school was not in the best interest of the child. Mr. O’Donnell contends that the interim consent judgment does not supersede the .contractual agreement that.he and Ms. Duhe made. Mr. O’Donnell counters that both parties agreed on the child’s attendance at public school, and therefore this is not an issue on which the parties do not agree. Mr. O’Donnell further contends that this is one element of the formal parenting plan that the parties are under order to create. -Finally, Mr. O’Donnell contends that, to the extent that La. R.S. 9:335B is applicable, since the parties had agreed- on schooling it was Ms.- Duhe’s burden to prove that attending St.-Peters Catholic School and not public school, was in the best interest of the child.
1 (-.Although the agreement might be considered a valid contract, because it is one involving child custody issues, it is not forever binding and may be modified and/or vacated by the court. Child custody and child support decrees are never final and are always subject to modificar *459 tion. Granger v. Granger, 11-77 (La.App. 3 Cir. 06/15/11), 69 So.3d 666.
After the agreement at issue, and after the transfer of the case to an appropriate venue, the néw trial judge ordered that a custody evaluation be conducted by Dr. Danny Roussel. After the completion of that evaluation, the parties agreed to and the court ordered that Dr. Roussel’s report be adopted in its entirety, by order dated March 20, 2015. To the extent that the agreement between the parties may have been valid and binding, it was superseded or set aside by this order, since the order requires the parties to submit a formal parenting plan; however the plan does not incorporate any prior agreement of the parties.
According to Dr. Roussel’s report, he considered the best interest of the child factors, as set forth in La. C.C. art. 134, in making his recommendations. In part, his recommendations provide that:
It is recommended that Meghan and Patrick enjoy joint custody of their child[.] It is important that both parents communicate and participate, in their child’s medical, social, emotional, religious, and educational progress. However, after consulting with each other, if unable to decide, an issue, Meghan Duhe shall make the final decision.
Both Dr. Roussel’s report and the provisions of La. R.S. 9:335B(3) allow Ms. Duhe to make decisions regarding issues such as schooling if the parties cannot agree. Her decision is subject to judicial review upon motion of the opposing parent. In the judicial review, it is presumed that Ms. Duhe’s decisions are in the best interest of the child. Walden v. Walden, 00-2911 (La.App. 1 Cir. 08/14/02), 835 So.2d 513.
|7The trial court, in rendering its decision, erroneously found that the agreement between the parents- was binding, and therefore it failed to consider whether Mr. O’Donnell rebutted the presumption that Ms. Duhe’s decision to send the child to St. Peters Catholic School was in the “best interest of the child.” We find that this decision constitutes “legal error,”[1] mandating that this court conduct a de novo review of the record. Johnson v. Spurlock, 07-949 (La.App. 5 Cir. 05/27/08), 986 So.2d 724, writ denied, 986 So.2d 670 (La.7/25/08).
After a de. novo review of the record, we find that Mr. O’Donnell failed to .rebut the presumption that Ms. Duhe’s decision regarding schooling was in the best interests of the child.[2] Mr. O’Donnell presented no evidence and offered only generalized opinions that it would be good for the child to play sports where she resided, and to be exposed to the varieties of ethnic and financial backgrounds of persons he thought would be involved in public schools. These generalized opinions are insufficient to rebut the presumption of “best interest of the . child” given to Ms. Duhe’s, decisions on the child’s schooling. We find that the trial court erred in grant *460 ing Mr. O’Donnell’s motion to determine what school the child would attend.
^CONCLUSION
For the above discussed reasons, the judgment of the trial court is reversed, and judgment is rendered denying Mr. O’Donnell’s motion which would order the child to attend public school. Costs are assessed against appellant.
REVERSED AND RENDERED
LILJEBERG, J., concurs with reasons.

. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Prejudicial legal errors occur when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court’s finding of a material issue of fact and causes it to pretermit other issues, the appellate court , is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts ck novo. Johnson v. Spurlock, 986 So.2d at page 727-728.

. Wé note that the interim order and Dr. Roussel’s report both provide that the issue be revisited at the .end of the 2015-2016 school year.